Craig M. CRUMPLER, Plaintiff,

v.

Colonel W.R. ETTER, etc., et al., Defendants.

No. 82–86–CIV–4.

United States District Court,
E.D. North Carolina,
New Bern Division.

Aug. 1, 1983.

Norman B. Smith, Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N.C., for plaintiff.

Gary H. Clemmons, Asst. U.S. Atty., Raleigh, N.C., for defendants.

## MEMORANDUM OF DECISION

DUPREE, District Judge.

In an order dated March 8, 1983, the court denied defendants' motion for summary judgment, noting that a case was then pending before the Supreme Court which might prove to be controlling in the action. That case, *Bush v. Lucas,* —— U.S. ——, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), has now been decided, and the defendants have filed a motion to reconsider the denial of their summary judgment motion. The plaintiff has responded, and the case is now ripe for disposition.

In *Bush* the Supreme Court affirmed a Fifth Circuit opinion holding that the plaintiff, a career civil service employee, had no cause of action for damages under the First Amendment for retaliatory demotion in view of the panoply of remedies available to him under the Civil Service Reform Act of 1978. 5 U.S.C. § 7501, *et seq.*[1] Those remedies included the right to thirty days' written notice of a proposed discharge, suspension or demotion accompanied by the agency's reasons and copy of the charges; the right to answer the charges with a statement and supporting affidavits; the right to make an oral non-evidentiary presentation to the agency official; and a trial-type hearing at which the employee could present witnesses, cross-examine adversarial witnesses and secure the attendance of agency officials. Following exhaustion of these remedies the written decision of the agency would then be subject to judicial review. *Id.* at ——, 103 S.Ct. at 2415–2416.

In the case at bar plaintiff Crumpler was hired as a temporary limited employee, and the remedies available to him to redress his discharge for allegedly exercising his First Amendment rights are considerably more limited. He has the right to have his claim investigated by the Special Counsel of the Merit Systems Protection Board, 5 U.S.C. § 1206, and if the Special Counsel determines there are reasonable grounds to believe that a prohibited personnel practice has occurred, he reports his determination to the Board and the agency involved. If the agency fails to take the recommended corrective action the Board may then order the corrective action. 5 U.S.C. § 1206(c)(1)(A), (B). Since action by the Special Counsel and the Board are to some extent discretionary, the plaintiff does not have the mandatory protections under this statutory scheme as did the plaintiff in *Bush.*

The question here, therefore, is whether this apparent disparity in the remedies available to a temporary government employee gives him a greater claim to a direct right of action under the First Amendment than the career employee had in *Bush* where the question was

> whether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, should be augmented by the creation of a new judicial remedy for the constitutional violation at issue.

*Id.* at ——, 103 S.Ct. at 2416.

While the answer to our inquiry is not readily discernible from *Bush,* the Court in that case did indicate a definite reluctance to fashion an additional remedy for a violation of an employee's First Amendment claim where Congress in the exercise of its prerogative to determine matters of federal personnel policy has provided effective administrative remedies. Admittedly the remedy of the plaintiff here is not as full and complete as that available to career employees, but in view of the reasoning in *Bush* the court is now persuaded that the fact that Congress has provided this remedy is a "special factor counseling hesitation," *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), and that the court should not create a new judicial

---

**1.** The defendants here relied on the Fifth Circuit opinion in support of their summary judgment motion, and in his brief the plaintiff took the position that the case had been "wrongly decided" at the Circuit Court level. Plaintiff now contends that the case is distinguishable, and as will be seen, there are indeed distinguishing features, but this court has concluded that the decision is controlling here.

remedy in a field where the authority of Congress has been recognized as paramount.[2]

It follows that the motions of defendants for reconsideration and summary judgment must be allowed. A judgment of dismissal will be entered.

---

2. This is not a case in which an employee is left without any form of remedy for the infringement of a First Amendment right. *See Davis v.* *Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).