Patricia C. CARROLL,
Plaintiff-Appellant,

v.

UNITED STATES of America, et al.,
Defendants-Appellees.

No. 81–1540.

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1983.

Angel & Gassaway, Steven M. Angel, San Antonio, Tex., for plaintiff-appellant.

Anthony W. Vaughn, Asst. U.S. Atty., Fort Worth, Tex., Barbara L. Herwig, Edward R. Cohen, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

## ON PETITION FOR REHEARING

(Opinion June 20, 1983, 5 Cir., 1983, 707 F.2d 836)

Before INGRAHAM, REAVLEY and POLITZ, Circuit Judges.

### PER CURIAM:

Treating the suggestion for rehearing en banc as a petition for panel rehearing, the petition for rehearing is granted. The intervening decision by the Supreme Court in *Bush v. Lucas,* —— U.S. ——, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), requires the recall of our original opinion.

In *Bush v. Lucas,* the Supreme Court declined "to authorize a new nonstatutory damages remedy for federal employees whose First Amendment rights are violated by their superiors," because the claims there presented arose out of "an employ-ment relationship governed by comprehensive procedural and substantive provisions." *Id.,* —— U.S. at ——, 103 S.Ct. at 2406, 76 L.Ed. at 651. *Bush v. Lucas* involved an employee complaining of an adverse personnel action allegedly triggered by public statements of the employee. Administrative remedies were available and were exercised. The instant case involves a former employee who complains of mistreatment in reemployment because of union activity during the prior period of employment. A measure of administrative remedies was available and was exercised.

We cannot make a principled distinction between an employee and a former employee seeking re-employment, in the context as here presented, sufficient to base a holding that the teachings of *Bush v. Lucas* do not control. We consider *Bush v. Lucas* dispositive.

The judgment of the district court is AFFIRMED.