654 F.Supp. 146 (1987)
Jesse DAILEY, Jr., Plaintiff,
v.
Paul N. CARLIN, Defendant.
No. 85-753C(6).
United States District Court, E.D. Missouri.
February 25, 1987.
*147 Peter M. Hamilton, Coburn, Croft & Putzell, St. Louis, Mo., for plaintiff.
Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Gregg R. Sackrider, Regional Labor Counsel, Law Dept., Office of Labor Law, Chicago, Ill., for defendant.

MEMORANDUM
GUNN, District Judge.
This three-count action is brought by a black male who was discharged from his probationary position as a letter carrier with the United States Postal Service. Count I of plaintiff's second amended complaint alleges that the discharge was the result of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Counts II and III are *148 brought directly under the Fifth Amendment for deprivation of property without due process. Count II alleges that plaintiff did not receive a 60 day evaluation as required by the Postal Service's regulations, that the required 30 day evaluation he did receive was meaningless, that the supervision and guidance provided him were inadequate and that his evaluations did not give him notice that he faced discharge; Count III alleges that that plaintiff's discharge was arbitrary and capricious.

Motion to dismiss Count I
Defendant argues that plaintiff's Title VII claim for race discrimination should be dismissed as he did not properly exhaust his administrative remedies by filing a race discrimination claim with the Postal Service within 30 days of receipt of his termination notice as required by 42 U.S.C. § 2000e-16(c).
Title VII, 42 U.S.C. § 2000e-16, is the exclusive remedy for a federal employee's claim of discrimination against his federal employer. Brown v. General Services Admin., 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). A litigant under this section must satisfy all the preconditions to suit set forth therein, including the exhaustion of available administrative remedies. Id., 96 S.Ct. at 1967; 42 U.S.C. § 2000e-16(c).
The federal regulations applicable to the Postal Service require that an employee with a job-related discrimination grievance bring such grievance to the attention of the EEO counselor within 30 calendar days of the effective date of the challenged personnel action, and file a formal administrative EEO complaint specifying each claim of discrimination within 15 days of the final interview with the EEO counselor. 29 C.F.R. § 1613.214(a)(i) & (ii).
This timely-filing requirement is not a jurisdictional prerequisite to suit in federal court but rather a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. Andrzejewski v. United States Postal Service, 636 F.S. 758 (E.D.Mo.1986), aff'd, No. 86-1785 (8th Cir. Feb. 5, 1987); Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir.1985). The regulations give the Postal Service the authority to extend the time limits
(i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency.
29 C.F.R. § 1613.214(a)(4).
However, the receipt and investigation of a untimely complaint by the agency does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination. Boyd v. United States Postal Service, 752 F.2d at 414; Oaxaca v. Roscoe, 641 F.2d 386, 389-90 (5th Cir.1981); Duvall v. Postmaster General, 585 F.Supp. 1374, 1376 (D.D.C.1984).
In the present case the materials submitted by defendant in support of his motion to dismiss establishes the following: Plaintiff received a letter of termination on or about January 10, 1984. Soon thereafter plaintiff contacted a Postal Service EEO counselor. The EEO counselor had his final interview with plaintiff on February 21, 1984, and on that same day plaintiff filed a formal EEO complaint for discrimination based on sex, age, handicap and reprisal. Plaintiff did not check the box for race discrimination on his formal EEO complaint form. On April 11, 1984, plaintiff's union representative wrote to the Postal Service EEO officer asking to add an allegation of race discrimination to plaintiff's formal complaint.
By letter dated June 8, 1984, the Postal Service informed plaintiff of its final decision summarily rejecting his age, handicap and reprisal claims. The letter than stated: "The scope of this investigation conducted by an EEO Investigator will include your allegation of discrimination because of your race and sex." The letter advised *149 plaintiff that he could appeal the agency's final decision to the EEOC. Plaintiff did so on July 12, 1984. On January 17, 1985 the EEOC denied the appeal on the age, handicap and reprisal claims as untimely. The record does not include a final decision by the Postal Service or the EEOC on plaintiff's sex and race claims. The present action was filed on April 2, 1985.
Defendant argues that plaintiff's failure to timely bring his race claim to the agency precludes him from pursuing this court action, even though the agency accepted this claim for investigation. Defendant argues that waiver is not applicable because the agency did not make a finding of race discrimination.
Defendant further argues that plaintiff's deposition taken on October 9, 1986 establishes that there are no grounds in this case to justify estoppel or tolling the administrative filing period. The Court is inclined to agree. However, in order for the Court to consider plaintiff's deposition, the Court must convert this motion to a motion for summary judgment and afford the parties an opportunity to present all material made pertinent to such a motion. See Fed.R.Civ.P. 12(b). Parties shall have ten days from the date of this order and memorandum to present such material to the Court, and five days thereafter to reply to any response. The Court will then take the motion under submission.

Motion to dismiss Counts I and II for failure to state a claim
Defendant argues that plaintiff's due process claims are precluded by the doctrine of Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). In Bush the Supreme Court rejected a Bivens-type[1] claim of a non-probationary federal employee who sought to challenge his demotion on the ground that it was a reprisal for a federally protected activity. The Court held that in light of the congressionally-established regulatory scheme governing federal employee-employer relationships, the Court should not add a Bivens remedy to those provided by Congress. See also Andrzejewski v. United States Postal Service, No. 86-1785 (8th Cir. Feb. 5, 1987); Bishop v. Tice, 622 F.2d 349, 357 (8th Cir.1980) (pre-Bush case reaching same conclusion, at least as to Fifth Amendment substantive due process claim).
This Court concludes that the same doctrine is applicable to the present case even though plaintiff was a probationary employee not entitled to all of the administrative protections available to the employee in Bush. The lesson to be derived from Bush is that the judiciary should not interfere in the congressionally-ordered scheme of federal employment by fashioning intrusive remedies. In Pinar v. Dole, 747 F.2d 899 (4th Cir.1984), cert. denied, 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985), the Fourth Circuit held that Bush precluded Bivens relief for a federal employee who claimed that his temporary promotion had been terminated because of his "whistle-blowing" activities. Because the promotion was temporary, the employee's administrative remedies were no greater than those of plaintiff in the present suit. See also, Carroll v. United States, 721 F.2d 155 (5th Cir.1983) (Bush precludes Bivens action by former employee seeking re-employment who only had "a measure" of administrative remedies), cert. denied, 467 U.S. 1241, 104 S.Ct. 3511, 82 L.Ed.2d 820 (1984); Francisco v. Schmidt, 575 F.Supp. 1200 (E.D.Wis.1983) (Bivens inappropriate in area of federal employment relations); Watson v. HUD, 576 F.Supp. 580 (N.D.Ill.1983) (administrative remedies for probationary employees adequate thereby precluding Bivens action); Kotarski v. Etter, 579 F.Supp. 391 (E.D.N. C.1983) (congressional provision of some remedy precludes Bivens action); Kotarski *150 v. Cooper, 799 F.2d 1342, 1351-54 (Hall, J., dissenting) (Bush applies to probationary federal employee); but see Kotarski v. Cooper, 799 F.2d 1342 (Bush is inapplicable when plaintiff is a probationary employee).
Accordingly, defendant's motion to dismiss Counts II and III for failure to state a claim is granted.
The Court holds in the alternative that even if a probationary federal employee is not generally precluded by Bush from stating a Bivens claim directly under the Constitution, plaintiff in the present case has failed to state a claim in Counts I and II for deprivation of property without due process. In Beeson v. Hudson, 630 F.2d 622, 626 (8th Cir.1980), the Eighth Circuit Court of Appeals recognized that a "probationary federal employee has in general only the weakest of claims of entitlement to his continued employment" and that "he can be dismissed at the virtually unreviewable discretion of his employing agency for unsatisfactory performance or conduct during the probationary period." The Court indicated however that a probationer may have a protected entitlement to be terminated in accordance with agency regulations, if any, specifying termination procedures. Id.[2]See also Bartholomew v. United States, 740 F.2d 526, 530-31 (7th Cir.1984).
In the present case plaintiff in Count II does not allege any deficiency in the termination procedure such as failure to provide written notice of the termination. Nor does plaintiff allege that defendant barred or in any way interfered with plaintiff's administrative remedies. Cf. Bishop v. Tice, 622 F.2d 354-58 (pre-Bush decision recognizing a non-probationary federal employee's right to bring a procedural due process Bivens type claim when it is alleged that defendant in addition to improperly terminating plaintiff also interfered with his administrative remedies). Rather plaintiff alleges deficiencies on the part of defendant in following the agency's performance evaluation procedures. It does not logically follow that federal agency performance evaluation procedures for probationary employees provide employees with a constitutionally protected entitlement that the procedures will be strictly followed and that a Bivens cause of action exists for damages if they are not.

Defendant's alternative motion for summary judgment on Counts II and III
The Court makes the further alternative ruling that the materials submitted in support of defendant's alternative motion for summary judgment on Counts II and III show that there are no factual issues for trial on Counts II and III and that defendant is entitled to judgment as a matter of law on these counts. See Rule 56(c), Fed.R.Civ.P. The record now before the Court contains plaintiff's 30 day written evaluation with his 60 day written evaluation. Each notes specific problems in plaintiff's performance and conduct. The record also contains several written reports prepared by plaintiff's supervisors during the course of his employment which indicate that his performance was not satisfactory in certain areas and that plaintiff was periodically so informed. These materials controvert each of plaintiff's factual allegations underlying his due process claims. Plaintiff has not responded to defendant's motion for summary judgment.
Accordingly, defendant's alternative motion for summary judgment on Counts II and III is granted.

ORDER
Pursuant to the memorandum filed herein this date,
IT IS HERBY ORDERED that defendant's motion to dismiss Count I of plaintiff's complaint (Title VII claim) for failure to exhaust administrative remedies is converted to a motion for summary judgment in accordance with Fed.R.Civ.P. 12(b). Parties *151 shall have ten days from the date of this order to present all materials made pertinent to such a motion, and five days thereafter to reply to any such presentation.
IT IS FURTHER ORDERED that the Court shall reserve ruling on defendant's motion, filed January 20, 1987, for summary judgment on Count I until the above motion is ruled on.
IT IS FURTHER ORDERED that defendant's motion to dismiss Counts II and III of plaintiff's complaint (Fifth Amendment due process claims) for failure to state a claim is granted. In the alternative IT IS FURTHER ORDERED that defendant's motion for summary judgment on Counts II and III of plaintiff's complaint is granted.
Dated this 25 day of February, 1987.
NOTES
[1] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court implied a damages remedy directly under the constitution against federal officers for the violation of plaintiff's fourth amendment rights. The Bivens doctrine has been progressively expanded to embrace other constitutional violations. See generally K. Davis, Administrative Law Treatise, § 27:26 (1984).
[2] Because of the posture of the case, the Court did not have to and specifically declined to decide this constitutional question.