**Michael BOOHER, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE,
et al., Defendants–Appellees.**

No. 87–5016.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 15, 1987.

Decided April 4, 1988.

Charlton R. DeVault, Jr. (argued), Kingsport, Tenn., for plaintiff-appellant.

Bruce Joel Jacobsohn, Office of Labor Law, Philadelphia, Pa., J. Edgar Schmutzer, Asst. U.S. Atty., Greeneville, Tenn., Joan C. Goodrich (argued), U.S. Postal Service, Office of Labor Law, Washington, D.C., for defendants-appellees.

Before JONES, WELLFORD and BOGGS, Circuit Judges.

WELLFORD, Circuit Judge.

At issue in this case is the question of whether the district court erred in finding it had no jurisdiction to hear the plaintiff's claim "for equitable relief and damages." For the reasons set out below, we affirm the district court's decision that it lacked subject matter jurisdiction.

**I.**

This action was brought by Michael Booher, a postal employee on probationary status with the Postal Service. Booher was dismissed by the defendants on the last day of the probationary period because of tardiness and absenteeism. His complaint alleged he was wrongfully discharged because he was not told his superiors were concerned about his attendance problems prior to his termination, as required by certain, unspecified, postal regulations. Booher also claimed he was singled out for

8. Since Schell's claim under the Privacy Act, 5 U.S.C. § 552a (1982), was not raised below, we will not consider it.

dismissal, maintaining that other probationary employees were not similarly discharged despite worse attendance records. Plaintiff charged that he was dismissed in violation of the due process and equal protection components of the fifth amendment, based on *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 91 L.Ed.2d 619 (1971). In addition, he sought a remedy for what he perceived to be arbitrary and capricious enforcement of postal regulations.

The defendants moved for dismissal based on lack of jurisdiction or, alternatively, for failure to state a claim. They claimed that Booher had not made out a *Bivens* cause of action by reason of his status as a probationary postal employee. Defendants argued that there was no due process violation because Booher was not possessed of a recognizable liberty or property interest as a probationary employee. Defendants further argued no equal protection violation, because Booher had not shown himself to be part of a "suspect classification" necessary to base a finding of unconstitutional discrimination. Finally, the Postal Service contended that the district court had no power to review alleged arbitrary and capricious actions because Congress had prohibited such review by exempting the Post Office from the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, in the Postal Reorganization Act, specifically in 39 U.S.C. § 410.

The district court was persuaded that the defendants were correct in their contentions, and dismissed the action concluding that Booher had failed to make out a *Bivens* claim because he was unable to show he had a protected property or liberty interest in his position. Further, the district court concluded that the plaintiff, a white male, was not a member of a protected class of people and thus could not maintain a constitutional claim of discrimination. The district court declined to review alleged arbitrary and capricious agency actions despite the contention by plaintiff that it had inherent jurisdiction to do so. Booher appeals from this decision.

## II.

■ We find no error in the district court's conclusion that Booher has failed to set out a *Bivens* action based on alleged deprivation of his right to due process and equal protection. In order to make out such a claim, plaintiff must either show a property interest exists, or that a stigma attached to his removal. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Booher has failed in both respects. As a probationary federal employee, Booher has no property interest in maintaining his position. *Harrington v. United States*, 673 F.2d 7, 10 (1st Cir.1982); *Jenkins v. United States Post Office*, 475 F.2d 1256, 1257 (9th Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 57, 38 L.Ed.2d 86 (1973). Without a recognizable liberty or property interest in his job, Booher cannot successfully assert a due process violation.

■ Nor can Booher successfully maintain a *Bivens* claim sounding in the equal protection clause. Booher seeks to make out a violation of equal protection by claiming he was treated differently from other similarly situated employees. Fatal to this allegation is the fact that there is no claim that Booher was victimized because of some suspect classification, which is an essential element of an equal protection claim. Even assuming there was an unjustified action taken against Booher this single action, without more, cannot form the basis of an equal protection claim. We have previously delineated the difference between a constitutional injury and a common tort action by requiring a showing of suspect classification of a *group:* "The equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class receiving better treatment than a plaintiff who alleges tortious injury." *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986). Booher's equal protection claim must accordingly fail.

## III.

■ Booher also seeks jurisdiction under the "inherent power" of the judiciary to

review actions of administrative agencies, despite the fact that the APA is not applicable to the Postal Service, and despite the unquestioned fact that he was discharged while in a probationary status. The district court declined to recognize this "inherent power" jurisdiction. While judicial review of discharge of a probationary postal employee is not absolutely precluded in all circumstances,[1] we find no error in the district court's action in this case.

Here there is some evidence of congressional intent to remove the power of judicial review. The Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, governs judicial review of administrative actions and the APA is made inapplicable to postal service actions by the Postal Reorganization Act, in 39 U.S.C. § 410(a).

The cases are not in agreement in facing the precise issue of whether § 410(a) precludes all judicial review of dismissals of probationary postal employees. There is authority holding that limited judicial review may be appropriate. *See Cioppa v. United States Postal Service,* 603 F.Supp. 590 (W.D.N.Y.1984); *Neal v. United States Postal Service,* 468 F.Supp. 958 (D.Utah 1979) and *Jordan v. Bolger,* 522 F.Supp. 1197 (N.D.Miss.1981), *aff'd without opinion,* 685 F.2d 1384 (5th Cir.1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983).[2]

None of these cases discuss the fact that Congress, in enacting 5 U.S.C. § 7511, did not provide federal remedies for probationary postal workers nor the full panoply of administrative remedies as in the case of non-probationary workers. Also relevant to our decision is that only *Cioppa* was decided after *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), a decision which recognizes the critical differences between career and probationary employees.

Cases to the contrary hold that federal courts should not create federal remedies for probationary employees in the posture of *Booher. Francisco v. Schmidt,* 575 F.Supp. 1200 (E.D.Wis.1983), *Crumpler v. Etter,* 579 F.Supp. 391 (E.D.N.C.1983) and *Dailey v. Carlin,* 654 F.Supp. 146, 149 (E.D.Mo.1987), which held

> The lesson to be derived from *Bush [v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404 (1983) ] is that the judiciary should not interfere in the congressionally-ordered scheme of federal employment by fashioning intrusive remedies.

Judge Reynolds in *Francisco* stated it similarly:

> It stands to reason that Congress's decision to exclude probationary employees from the statutory remedial scheme reflects an assessment of those considerations as they pertain to employees who have not fully demonstrated their competence or ability to interact with their co-workers and superiors. I should be hesitant, therefore, to create a judicial remedy where Congress has determined that no statutory remedy should lie.

575 F.Supp. at 1202–03. *Kotarski v. Cooper,* 799 F.2d 1342 (9th Cir.1986) considered a somewhat similar problem involving a *Bivens* –type claim of an employee in a probationary status:

> Probationary status is nothing new; it is agreed that management must retain great flexibility in determining that a probationary employee ought not to be granted permanent status. To grant that proposition, however, is not to deprive probationary employees of all constitutional protection. Accordingly, "[a] probationary employee may be discharged for any reason, or for no reason at all, but not for an unconstitutional reason." *Huffstutler v. Bergland,* 607

---

**1.** "[P]reclusion of judicial review of administrative action adjudicating private rights is not lightly to be inferred.... Indeed, judicial review of such administrative action is the rule, and nonreviewability an exception which must be demonstrated." *Barlow v. Collins,* 397 U.S. 159, 166, 90 S.Ct. 832, 837, 25 L.Ed.2d 192 (1970) (citation omitted). *See also Abbott Lab-*

*oratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 1510, 18 L.Ed.2d 681 (1967).

**2.** *Jordan* held against plaintiff on the merits after limited judicial review. Affirmance without opinion indicates agreement with the result reached, not necessarily the reasoning of the district court.

F.2d 1090, 1092 (5th Cir.1979). Indeed, the Supreme Court itself made this point quite clear in *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), a case involving a non-tenured college professor:

[E]ven though a person has no "right" to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringe [sic] his constitutionally protected interests—especially, his interest in freedom of speech. . . .

*Id.* at 1347 (footnotes omitted).

Booher here makes no claim that his First Amendment rights have been violated and the constitutional claims he does raise are baseless.

Probationary employees are not entitled to appeal their termination or have an administrative hearing until they have been employed for one year or more. 5 U.S.C. § 7511. Further, probationary employees need not be dismissed for "cause." *Medoff v. Freeman*, 362 F.2d 472 (1st Cir.1966). In short, "probationary federal employees have only the weakest claims of entitlement." *Bartholomew v. United States*, 740 F.2d 526, 530 (7th Cir.1984). *Spinks v. United States Postal Service*, 621 F.2d 987 (9th Cir.1980) held that generally § 410(a) precludes review of discretionary actions of the Postal Service. *See also Caldwell v. Bolger*, 520 F.Supp. 626 (E.D.N.C.1981) (finding no jurisdiction to review). *Compare People's Gas, Light and Coke Co. v. United States Postal Service*, 658 F.2d 1182 (7th Cir.1981). Regardless of what review is allowed federal employees generally, we conclude that the same rights of judicial review of agency actions should not be extended to probationary employees in the absence of specific allegations of violations of the agency's own procedures and regulations.

Finally, the recent Supreme Court case, *United States v. Fausto*, —— U.S. ——, 108

S.Ct. 668, 98 L.Ed.2d 830 (1988) has upheld denial of a judicial remedy in an analogous situation. In that case a "nonpreference member of the excepted service" in the Department of Interior's Young Adult Conservation Corps brought a claim relating to unlawful suspension. As did the Postal Service law and regulation in the instant case, the Civil Service Reform Act (CSRA) in *Fausto* contained "no provision [which gave] . . . nonpreference members of the excepted service the right to administrative or judicial review of suspension. . . ." 108 S.Ct. at 671. The Supreme Court held that because CSRA otherwise had "established a comprehensive system for reviewing personnel action," and because persons in Fausto's category were excluded from judicial review, there was no judicial remedy to be provided him for claimed reinstatement and back pay. This scheme was upheld as valid despite Fausto's contention that judicial review must be presumed.

Booher did not show clear disregard for any particular postal regulation in connection with his dismissal. We find no basis for reversal to grant even a limited review under the circumstances of this case. Booher's complaint alleged only vague charges of disregard of postal regulations in his termination. He did not supply the district court with or point to a particular regulation allegedly being violated by the acts of the defendants, or in what manner their actions violated postal rules or regulations relating to probationary employees.[3] In these circumstances we will not find a basis for judicial review.

### IV.

For the reasons set out above, the judgment of the district court is AFFIRMED.

---

3. The complaint stated only that Booher was not told his attendance was substandard "as

required by the postal service rules and regulations."