7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcus W. FIELDS, Plaintiff-Appellant,
v.
Marvin T. RUNYON, U.S. Postmaster General, Defendant-Appellee.
 No. 93-3230.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: MILBURN and GUY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Marcus W. Fields, pro se, appeals a district court order dismissing his case as frivolous pursuant to 28 U.S.C. § 1915(d). Fields filed this claim pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, et seq. The defendant is the Postmaster General of the United States Postal Service. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Fields alleged that, after reporting to duty on April 4, 1989, as a "Newly-Hired, Part-Time, Flexible Mail Processor," the Postal Security personnel denied him entrance to the building because he had forgotten his identification badge. This was his first day as a postal worker. Thereafter, a security officer contacted the tour superintendent on duty to "verify the condition" of Fields, who appeared to be under some kind of alcoholic stimuli, according to the incident report filed by the security officer in charge at the time. The tour superintendent determined that Fields was under the influence of some controlled substance and, thereafter, refused to allow Fields on the workroom floor as a new employee with whom she was not familiar.
 
 
 3
 This superintendent later recommended that Fields be terminated because of the unsafe conditions Fields may have created on the work floor. Fields was terminated from his employment effective April 5, 1989. He then filed a complaint with the Equal Employment Opportunity Commission, and a full hearing on the matter was held. After those proceedings terminated unfavorably to Fields, he filed suit in the district court. The district court dismissed the suit under § 1915(d) because the action lacked an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 On appeal, Fields contends that "whites and females were treated differently as postal probationary employees" and that he was removed from his position on a false assumption that he was under the influence of alcohol. Fields argues that a drug and alcohol test should have been conducted prior to his termination from his position as a postal employee. Fields also moves for in forma pauperis status, on appeal. The defendant has filed a motion to strike portions of Fields's brief and all documents attached to it.
 
 
 5
 The Supreme Court has held that a § 1915(d) dismissal is to be reviewed for an abuse of discretion, rather than de novo. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); see also Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 6
 It is well-established that in Title VII cases, the plaintiff bears the initial burden of establishing a prima facie case by a preponderance of the evidence. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To establish a prima facie case, Fields must show that: 1) he was a member of a protected class; 2) he was subject to an adverse employment action or *was discharged; 3) he was qualified for that position; and 4) he was replaced by a person outside of the protected class. Id.
 
 
 7
 Fields's conclusory assertion that whites and females were treated differently as postal probationary employees is insufficient to establish a prima facie case or race discrimination, or to meet the burden of showing that a "comparable non-protected person was treated better," in order to shift the burden to the defendant to show a legitimate reason for terminating him. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas, 411 U.S. at 802; Mitchell v. Toledo Hospital, 964 F.2d 577, 582 (6th Cir.1992). Therefore, the district court did not abuse its discretion when it concluded that Fields's action lacked an arguable basis in law or fact.
 
 
 8
 Secondly, Fields was a probationary federal employee without a liberty or property interest in his job. Thus, no due process claim may be established, notwithstanding the plaintiff's argument that the defendant failed to follow his own procedural guidelines in discharging Fields. Booher v. United States Postal Service, 843 F.2d 943, 946 (6th Cir.1988). Lastly, in the absence of specific allegations describing the agency's procedures and regulations that have been violated or disregarded, Fields has no right to judicial review of the administrative proceedings set forth within the Postal Reorganization Act, pursuant to 39 U.S.C. § 410(a). Booher, 843 F.2d at 946.
 
 
 9
 Accordingly, Fields's motion for in forma pauperis status is granted for the limited purpose of deciding the merits of his appeal, the defendant's motion to strike is denied, and the district court's order dismissing this complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.