Montez KENNEDY, Plaintiff–
Appellant,

v.

Casey TALLIO;  Gerald Hofbauer,
Defendants–Appellees.

No. 01–1386.

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2001.

Before NELSON and MOORE, Circuit
Judges;  KATZ, District Judge.*

Montez Kennedy, a Michigan prisoner
proceeding pro se, appeals a district court
judgment dismissing his civil rights com-
plaint filed pursuant to 42 U.S.C. § 1983.
This case has been referred to a panel of
the court pursuant to Rule 34(j)(1), Rules
of the Sixth Circuit.  Upon examination,
this panel unanimously agrees that oral

* The Honorable David A. Katz, United States
District Judge for the Northern District of
Ohio, sitting by designation.

argument is not needed. Fed. R.App. P. 34(a).

Seeking declarative, injunctive and monetary relief, Kennedy sues the Grievance Coordinator at the Marquette Branch Prison ("MBP") (Casey Tallio), and the Warden at MBP (Gerald Hofbauer) in their individual and official capacities. Kennedy alleges that the defendants placed him on modified grievance access in violation of his First Amendment rights. He contends that the defendants' conduct is preventing him from exhausting his administrative remedies as required by the Prison Litigation Reform Act. In addition, he claims that he is unable to seek redress for poor conditions at the prison. He also claims that he is being treated differently from other prisoners, who file numerous grievances, solely in retaliation for his use of the grievance system.

In a report filed on November 8, 2000, a magistrate judge recommended that the complaint be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), as well as 42 U.S.C. § 1997e(c), as frivolous and for failure to state a claim upon which relief may be granted. Kennedy filed objections to the magistrate judge's report and recommendation, but the district court adopted the magistrate judge's report and dismissed Kennedy's action in an opinion and order filed on February 5, 2001. A separate judgment was filed and entered the same day. This timely appeal followed.

This court reviews de novo a district court judgment dismissing a complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c). See *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. See *Neitzke*

*v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. See *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

■ Upon review, we conclude that the district court properly dismissed Kennedy's complaint. This court has addressed modified access to the grievance process in an unpublished opinion and has held that such modified access does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances. Rather, it merely requires the prisoner to obtain permission from the grievance coordinator to file a grievance. See *Hartsfield v. Mayer*, No. 95–1411, 76 F.3d 378 (table), 1996 WL 43541, at *2 (6th Cir. Feb. 1, 1996) (unpublished order). Thus, Kennedy's claim that his placement on modified grievance access violated his First Amendment right to seek redress of grievances is without merit.

■ Kennedy's claim that placement on modified access violated his First Amendment right of access to the courts is likewise without merit. 42 U.S.C. § 1997e(a) requires prisoners to exhaust "such administrative remedies as are available" prior to filing suit in federal court. If a prisoner has been placed on modified access to the grievance procedure and attempts to file a grievance which is deemed to be non-meritorious, he has exhausted his "available" administrative remedies as required by § 1997e(a). Consequently, Kennedy's placement on modified access cannot prevent him from filing claims in federal

court. Accordingly, Kennedy's access to courts claims were properly dismissed.

■ Kennedy failed to state a retaliation claim because no adverse action "that would deter a person of ordinary firmness from continuing to engage in that conduct" was taken against him. See *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). Placement on modified access to the grievance procedure does not constitute such an action. Placement on modified access did not deprive Kennedy of the ability to file civil rights actions in federal court. Kennedy's placement on modified access to the grievance procedure merely enabled prison officials to screen Kennedy's grievances prior to filing to determine whether they were grievable, non-frivolous, and non-duplicative. See Mich. Dep't of Corr. Policy Directive 03.02.130(II)(PP). Moreover, Kennedy was not deterred from continuing to engage in the protected conduct because he continued to attempt to file grievances.

Finally, Kennedy can ·not make out a violation of his equal protection rights simply by showing that other inmates were treated differently. See *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir.1992). Kennedy must show that he was victimized because of some suspect classification, which is an essential element of an equal protection claim. *Id.* (citing *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir. 1988)). Kennedy has not made the requisite showing, therefore, no cognizable equal protection claim has been stated: *Id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.