Montez **KENNEDY**, Plaintiff–
Appellant,

v.

Charlene **WURTH**, et al., Defendants–
Appellees.

No. 01–2619.

United States Court of Appeals,
Sixth Circuit.

June 13, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and MARBLEY, District Judge.*

*ORDER*

Montez Kennedy, a Michigan state prisoner, appeals pro se a district court judgment dismissing without prejudice his civil rights action, filed under 42 U.S.C. § 1983, for failure to exhaust administrative remedies, as required in 42 U.S.C. § 1997e(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kennedy filed this complaint against thirteen employees of the Michigan Department of Corrections, raising numerous claims for relief, including allegations that he was transferred to an unsanitary cell in

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

retaliation for filing grievances, he was kept in segregation without monthly reviews, his legal mail was being read, he was denied postage, he was subjected to environmental tobacco smoke, he was transferred to a higher security prison, there were mice in his cell, he was denied his prescription shampoo, and his property was confiscated. Kennedy alleged that he had attempted to exhaust his administrative remedies with regard to these claims, citing grievance numbers that he had filed without stating the subject of these grievances or attaching copies. With regard to the claims raised in his complaint, Kennedy stated that he had been denied a grievance form to grieve his retention in segregation; that he had filed a grievance regarding his transfer to a different prison, which was not assigned a grievance number and never processed; and that he had grieved the confiscation of his property, but did not get an answer, so he was unable to appeal.

The district court dismissed the complaint without prejudice for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a), and denied Kennedy's motion to alter or amend. On appeal, Kennedy argues that this result was inconsistent with a prior case he filed, which was appealed to this court in Case No. 01–1386. He also argues that he was prevented from exhausting his remedies by being denied the proper forms.

This court reviews de novo a district court judgment dismissing a complaint without prejudice for failure to exhaust administrative remedies. *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir.1997). It is the prisoner's burden to demonstrate exhaustion, and he must do so by attaching the decisions on his grievances where they are available. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). In this case, Kennedy did not attach any decisions from any grievances, or explain why they were not available. Where copies are not available, this Court has held that the prisoner should describe with specificity the administrative proceedings which were pursued. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). In this case, Kennedy did not describe his administrative proceedings with specificity, but did argue that he had been prevented from pursuing grievances on a few of his claims due to the unavailability of required forms.

If grievances are denied, the prisoner is required to appeal through all three steps of the grievance process. *White*, 131 F.3d at 595. Kennedy did not demonstrate that any grievance regarding any of the claims raised in his complaint had been denied, but argued that some were never responded to. In such a case, this Court has held that an appeal to the next step is required, when no response is received within the time limit provided by prison regulations. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999). Kennedy does not allege that he appealed any of the grievances which were not answered, arguing instead that to do so is impossible because he would not have a grievance number or the proper form to file an appeal. He did not show that he attempted to appeal without a form or by identifying his grievance by subject where no number had been assigned. This Court has held that it is inadequate for a prisoner to allege that he was denied a form for a grievance, but that he must show that he attempted to file a grievance without the form. *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir.2001). In short, Kennedy utterly failed to demonstrate that he had exhausted his administrative remedies with regard to any of the numerous claims raised in his complaint.

Kennedy's argument that this result is inconsistent with the result in his prior case is without merit. In *Kennedy v. Tallio*, 20 Fed.Appx. 469 (6th Cir.2001), this

Court noted that the rejection of a grievance on the merits demonstrated exhaustion of administrative remedies. In this case, Kennedy has not shown that any grievance regarding any of his claims was rejected on the merits.

Because Kennedy failed to attach copies of any decisions on his grievances, to describe with specificity the administrative procedures followed for any of his claims, to show that he had appealed any grievance regarding any of his claims through the three-step process, or to show that he had attempted to pursue his remedies without the proper forms and been rejected, this complaint was properly dismissed without prejudice for failure to demonstrate the exhaustion of administrative remedies. Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.