**Michael F. McDADE et al., Appellants,**

v.

**Robert E. HAMPTON et al.**

**No. 71–1020.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 6, 1972.

Mr. Thomas P. Carolan, Washington, D. C., was on the brief for appellants.

Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry, Daniel J. Bernstein, and Miss A. Patricia Frohman, Asst. U. S. Attys., were on the brief for appellees.

Before McGOWAN, LEVENTHAL, and MacKINNON, Circuit Judges.

PER CURIAM:

The only issue in this appeal is whether appellants are entitled to benefits under the Federal Employees Group Life Insurance Act of 1954, 5 U.S.C. § 8701 et seq., resulting from the death of their daughter. The District Court, on cross-motions for summary judgment, granted that of appellees without opinion.

On October 21, 1967, the decedent received a temporary appointment from the District of Columbia Government as a Teacher Aid, in which position she was not eligible for life insurance coverage under the Act and regulations promulgated by the Civil Service Commission. 5 U.S.C. § 8716(a), 5 C.F.R. § 870.202. By a Personnel Action Form, dated April 30, 1968 and approved by her personnel officer on May 3, 1968, her temporary appointment was converted, effective May 5, 1968, to a "career conditional" appointment. Although this change in status would have made her automatically insured under the Act on May 5, absent an affirmative waiver, 5 U.S.C. § 8702, on May 1, 1968 the decedent signed the Commission's Standard Form 176, on which Box "C", entitled "Waiver of Life Insurance Coverage," had been checked.[1] Despite decedent's intervening notation of waiver of insurance coverage on SF 176, employees of the District of Columbia did not change the notation of coverage on her Personnel Action Form; and, for five and one-half pay periods between her career conditional employment and her death in an automobile accident on July 22, 1968, an amount appropriate for premium payments was deducted from her pay checks. On November 8, 1968 appellants were informed by a Commission representative that their daughter had not been insured under the Act, and that the erroneous deduction of premiums created no rights to insurance benefits. This determination was affirmed by the Commission's Board of Appeals, and appellants then sued in the District Court under 5 U.S.C. § 8715 to compel the Commission to certify the fact of coverage to the insurance carrier.

Since insurance coverage is automatic under the Act unless the employee af-

---

1. The instruction for Box C stated "Mark here if you WANT NEITHER regular nor optional insurance." The statement immediately following Box C, and to which Box C referred, provided:
   "I desire not to be insured and I waive coverage under the Federal Employees Group Life Insurance Program. I understand that I cannot cancel this waiver and obtain regular insurance until at least 1 year after the effective date of this waiver and unless at the time I apply for insurance I am under age 50 and present satisfactory medical evidence of insurability. I understand also that I cannot now or later have the $10,000 additional optional insurance unless I have the regular insurance."

firmatively waives it, the only question before us is whether the decedent's signing of SF 176 may be deemed an effective waiver. Appellants argue that appellees are estopped from asserting her waiver as a defense by reason of withholding of premium payments from her and by the notation on her Personnel Action Form.

Nothing in the record warrants the conclusion that the decedent did not intend to waive coverage. In support of their claim, appellants seem to rely first on the mere fact that their daughter did not object to the erroneous withholding of small sums from her pay checks or to the erroneous notation on her Personnel Action Form, and, second, on a letter written some months after her death by one of her supervisors to the effect she had been advised not to take out *additional* insurance but that she was not advised to drop the insurance she already had. Since as a temporary Teacher Aid the decedent had had no insurance coverage at all, the significance of this letter is obscure. In light of the clear and unmistakable language of the waiver form she marked and signed, neither this letter nor her failure to object to the payroll deductions are sufficient to overcome the inference that the execution of the waiver was a knowing and voluntary act. The notation of coverage on the Personnel Action Form was made prior to decedent's execution of the waiver, apparently on the assumption that she would accept the automatic coverage.

Appellants' claim that appellees are equitably estopped from asserting the decedent's waiver fails simply for want of any indication that she relied to her detriment on the actions of appellees or their agents.[2] Reliance is a necessary element of equitable estoppel.[3] Here there is no allegation that decedent, desiring insurance, was either induced to sign SF 176 or lulled into a false sense of security by the false representations or erroneous actions of the appellees. Any possible contention that had premium payments not been erroneously withheld from her pay checks she would have undertaken to cancel her previous waiver is decisively answered by the fact that under the express terms of the waiver she signed she could not do so for a period of one year. Note 1, *supra*.

In this respect appellants' reliance on Sawyer v. United States, (N.D.Ill.1963) (unreported) is misplaced. There the decedent had specifically requested insurance coverage, had designated his wife as beneficiary on the appropriate forms, and had had deductions made from his salary for a period of ten months prior to his death. Under those circumstances, it could have been reasonably inferred that the deductions from his salary induced the decedent to believe that he was covered notwithstanding his failure to file a medical certificate as required by the Commission's regulations. In this case, however, there is no affirmative act by decedent suggesting that she desired the insurance coverage. Indeed, the only affirmative act taken by her throughout was to execute the waiver.

Under the circumstances, we are unable to say that the District Court erred in its disposition, and the judgment appealed from is

Affirmed.

2. For this reason, it is unnecessary to reach appellees' broader contention that estoppel cannot be asserted against the Government under the circumstances of this case, or that sovereign immunity bars appellants' recovery.

3. *See, e. g.*, United States v. Fidelity and Casualty Co. of New York, 402 F.2d 893 (4th Cir. 1968); Spivak v. United States, 370 F.2d 612 (2nd Cir. 1967); Helvering v. Schine Chain Theaters, 121 F.2d 948 (2nd Cir. 1941); 3 Pomeroy on Equity Jurisprudence §§ 803–13 (5th Ed. 1941).