Kimberly **JEFFRIES**, Plaintiff,

v.

Anthony M. **FRANK**, Postmaster General of the United States, Defendant.

No. 91 C 0124.

United States District Court, N.D. Illinois, E.D.

Nov. 21, 1991.

Kimberly Jeffries, pro se.

James D. Fiffer, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for plaintiff.

Assistant U.S. Atty., Sharon Colman, Lori K. Miller, U.S. Atty's. Office, Stuart J. Blenner, Field Counsel, Labor Law Office of Field Legal Services, U.S. Postal Service, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Kimberly Jeffries brings this action pursuant to Title VII of the Civil Rights Act of 1964. Jeffries claims that the United States Postal Service discriminated against her based on gender by discharging her from employment after she became pregnant. The defendant, Anthony M. Frank, Postmaster General of the United States ("Postmaster General"), now moves to dismiss the complaint, arguing that Jeffries failed to present her claim to a counselor at the Equal Employment Opportunity Commission ("EEOC") in a timely fashion. In the alternative, the Postmaster General moves for summary judgment on the same ground. For the reasons as set forth below, we treat the motion as one for summary judgment and grant the motion based on Jeffries' failure to meet the governing statute of limitations.

### I. Standard of Review

Although the Postmaster General's motion is entitled "motion to dismiss, or in the alternative for summary judgment," resolution through Fed.R.Civ.P. 12(b)(6) of the pending issue would be improper. The essential information regarding the statute of limitations question is not contained in Jeffries' complaint. Rather, that information is presented in the various affidavits and attachments submitted with, and in response to, the Postmaster General's motion. Accordingly, we treat the current motion as one for summary judgment. *See* Fed.R.Civ.P. 12(b) (authorizing the court to convert a motion to dismiss into one for summary judgment governed by the standards of Rule 56); *Jackson v. Frank*, No. 89–9204, 1990 WL 139270 (N.D.Ill. Sept. 14, 1990) (Kocoras, J.).

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir.1991).

## II.  Background

On December 12, 1989, Kimberly Jeffries reported to work at the Lakeview postal station in Chicago, Illinois.  The streets and sidewalks were covered with ice on that day.  Jeffries, a letter carrier, was pregnant at the time and feared that she might slip on the ice and hurt her unborn fetus.  She asked her supervisor if she could work indoors that day.  The supervisor denied the request and ordered her to begin her route.  When Jeffries refused, her supervisor told her to go home for the rest of the day.  Jeffries returned to work with a doctor's note confirming the pregnancy and requesting that she be placed on light duty.  She was discharged on December 29, 1989.

Jeffries immediately filed a grievance with her union, alleging sexual discrimination in violation of the applicable collective bargaining agreement ("CBA") between the Postal Service and the letter carriers' union.[1]  The union processed the grievance through three of the four steps outlined in the CBA.  On April 27, 1990, the union orally informed Jeffries that it would not take her claim through the final stage of arbitration.  Immediately following the union's decision, Jeffries contacted the EEOC and explained her position to a clerk.  The clerk referred her to an EEO counselor, giving her the necessary forms.  After meeting with the EEO counselor, Jeffries filed a formal complaint with the EEOC alleging sex discrimination.  The EEOC dismissed her complaint, stating that she had failed to bring her grievance before an EEO counselor within thirty days of the alleged discrimination—the time period prescribed by 29 C.F.R. § 1613.214.  Jeffries appealed this decision, arguing that her delay in filing with the EEOC was due to her utilization of the union's grievance procedures.  On December 5, 1990, the EEOC denied Jeffries' appeal.  Jeffries then filed a civil action against the Postmaster General in this court.

1.  The relevant CBA provision states in pertinent part: "there shall be no discrimination by the Employer or the Unions against employees be-

## III.  Discussion

### A.  Applicability of 29 C.F.R. § 1613.214

At the outset, Jeffries argues that 29 C.F.R. § 1613.214, requiring grievances to be brought before an EEO counselor within thirty days of the alleged discrimination, is inapplicable to this case.  Instead, Jeffries asks this court to apply the procedures of 29 C.F.R. § 1613.219.  That regulation, promulgated by the EEOC, allows certain federal employees to appeal to the EEOC an adverse determination obtained through a negotiated grievance procedure.  Jeffries contends that since she elected to utilize her union's negotiated grievance procedure, 29 C.F.R. § 1613.214 is inconsequential.  We disagree.

The issue of the applicability of § 1613.214 requires this court to consider the protections afforded to federal employees in general and postal workers in particular.  Title V, 5 U.S.C. §§ 101 et seq., delineates the general rights and responsibilities of civil servants.  That title contains a section outlining the process by which an aggrieved federal employee can lodge a complaint.  See 5 U.S.C. § 7121 (1980).  Section 7121(d) provides that a federal employee who unsuccessfully takes a discrimination claim through a negotiated grievance process may appeal the decision to the EEOC.  29 C.F.R. § 1613.219 implements this statutory grant by providing the general procedural framework for the appeal.

It is clear that postal employees do not enjoy all of the protections afforded by Title V.  Bacashihua v. Merit Systems Protection Bd., 811 F.2d 1498, 1501 (Fed.Cir. 1987) (the Postal Service is "an independent establishment of the executive branch with very limited application of federal employee law").  Indeed, the Postal Reorganization Act, Pub.L. 91–375, 84 Stat. 719 (1970), explicitly states that the laws relating to federal employment generally do not apply to the Postal Service.  39 U.S.C. § 410(a) (1980).  To the contrary, the Postal Reorganization Act lists the specific federal laws that do apply to the Postal Service.  39

cause of race, color, creed, religion, natural origin, sex, age, or marital status."

U.S.C. § 410(b)(1) (Supp.1991). 5 U.S.C. § 7121 is not among those laws listed. As such, we conclude that postal employees do not have the appeal rights generally granted to federal employees in § 7121(d). *See Bacashihua,* 811 F.2d at 1502; *Hall v. United States Postal Serv.,* 26 M.S.P.R. 233 (1985).[2] Accordingly, 29 C.F.R. § 1613.214 applies to postal employees, requiring Jeffries to bring her complaint to an EEO counselor within thirty days of the discriminatory conduct.

### B. Equitable Tolling

■ Jeffries argues in the alternative that, if she was required to bring her grievance to an EEO counselor within thirty days of the alleged discrimination (which she did not do), this court should toll that limitations period. There is no dispute that the thirty-day deadline is not jurisdictional in nature. *Rennie v. Garrett,* 896 F.2d 1057, 1061–62 (7th Cir.1990); *Jackson v. Frank,* slip op. at 14. As such, equitable tolling is warranted in certain circumstances. This case, however, does not present facts justifying that remedy.

■ Equitable tolling of the time limit for filing a discrimination action is an exception to the general rule, only appropriate in extraordinary circumstances. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984). For instance, equitable tolling is warranted where the plaintiff has been "lulled into inaction by her past employer, state or federal agencies" or was otherwise "actively misled." *Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984). Similarly, courts will toll the limitation period when the plaintiff is "caught up in a procedural snare," *Warren v. Department of Army,* 867 F.2d 1156, 1160 (8th Cir. 1989), or "has in some extraordinary way been prevented from asserting his or her

rights." *Wilkerson v. Siegfried Ins. Agency, Inc.,* 683 F.2d 344, 348 (10th Cir.1982).

Jeffries argues that her delay was indeed due to an arcane procedural snare. Essentially, she defines that procedural snare as her election between the negotiated grievance process or filing with the EEOC. This argument, however, was squarely addressed by the United States Supreme Court in *International Union of Electrical, Radio and Machine Workers v. Robbins & Meyrs, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). There, the Court held that participation in a grievance process did not justify equitable tolling of the EEOC filing deadline. *Id.* at 236–40, 97 S.Ct. at 446–49. The Court reasoned that contractual rights protected in the grievance process stand separate and apart from rights under Title VII. *Id.* at 236–37, 97 S.Ct. at 447. In fact, the Court explicitly recognized that both of these actions could, and should, proceed simultaneously. *Id.* at 239, 97 S.Ct. at 448.

Finally, Jeffries claims that she was "lulled into inaction" by the misrepresentations made by the union and the EEOC. Specifically, she asserts that neither the union or the EEOC told her of her appeal rights. Jeffries' assertion, however, is insufficient to warrant equitable tolling. The unrebutted evidence before this court indicates that an EEOC informational poster, explaining the rights in question, hung next to the employee clock during the term of Jeffries' employment. This poster explicitly addresses the following questions, each printed in bold capital letters: (1) "Who may present an EEO problem?"; (2) "When must the problem be presented?"; (3) "How may the problem be presented?"; and (4) "To whom must the problem be presented?" Moreover, the poster goes so far as to state: "The problem must be presented within 30 calendar days after the

---

**2.** In support of her position, Jeffries has directed our attention to *American Postal Workers Union v. United States Postal Serv.,* 755 F.Supp. 1076 (D.D.C.1989). In that case, the district court held that probationary employees who did not have grievance rights under the CBA could not seek redress in federal court based on a contractual breach of the agreement. *Id.* at 1078. In deciding that issue, the court speculat-

ed in dicta that § 7121 applied to postal employees. *Id.* at 1079–80. The court, however, did not discuss *Bacashihua* or *Hall.* Further, this language was ignored on appeal. *See American Postal Workers Union v. United States Postal Serv.,* 940 F.2d 704 (D.C.Cir.1991). Because we find the district court's speculation unpersuasive, we decline to follow it.

date of the alleged act of discrimination or the effective date of personnel action giving rise to an EEO problem." That Jeffries may not have read this poster is inconsequential. As stated by the Supreme Court in *Baldwin*, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin*, 466 U.S. at 151, 104 S.Ct. at 1726. Accordingly, we see no reason to overlook the thirty-day requirement in § 1613.214, and Jeffries' current complaint is barred.

### IV. Conclusion

Jeffries was discharged on December 29, 1989. She did not contact an EEO counselor until April 27, 1990. She clearly failed to meet the thirty-day deadline imposed by 29 C.F.R. § 1613.214. Consequently, the Postmaster General's motion for summary judgment is granted. It is so ordered.