**Meg KORNMAN, Plaintiff,**

v.

**James A. BAKER, III, Secretary of the Treasury; United States Department of the Treasury (U.S. Assay Office), Defendants.**

**No. C–87–5988 EFL.**

United States District Court, N.D. California.

June 15, 1988.

Michael S. Sorgen, San Francisco, Cal., for plaintiff.

Sandra Willis, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## ORDER DENYING MOTION TO DISMISS

LYNCH, District Judge.

Plaintiff Kornman brings this Title VII action alleging that she was terminated from her position with the Treasury Department as a result of sex discrimination. Defendants now move to dismiss on the ground that plaintiff failed to exhaust her administrative remedies as required by statute and regulation. For the reasons stated below, the motion is denied.

**1.** A mixed case appeal is one that asserts some claims that are normally within the MSPB's jurisdiction, such as marital discrimination, and

## BACKGROUND

Upon her termination, Kornman pursued her first formal effort at redress before the Merit Systems Protection Board ("MSPB"). After filing her appeal, she was informed that the MSPB would hear her sex discrimination claim only in conjunction with a claim for marital or political discrimination. She then asserted a marital discrimination claim and the MSPB accepted the appeal.

Subsequent to filing the appeal with the MSPB, Kornman initiated a complaint, based on the same facts, with the Equal Employment Officer (EEO) in the Treasury Department. During the pendency of this proceeding, Kornman decided to abandon her MSPB action. She requested that it be withdrawn, and the MSPB dismissed the appeal with prejudice. Several months later, the EEO "cancelled" her complaint, without reaching the merits, on the ground that Kornman had previously filed her claim with the MSPB, thereby irrevocably electing her forum. Kornman later appealed to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the procedural ground for cancellation.

## DISCUSSION

A federal employee asserting a discrimination claim may, under some circumstances, choose between two procedural tracks in seeking redress for the alleged violation. One track is to bring a "mixed case appeal" before the MSPB.[1] Decisions by the MSPB on sex discrimination claims are reviewable within thirty days in district court. 5 U.S.C. sec. 7703(b)(2). The other track is to pursue the claim within the agency (or before the EEOC), as provided in Title VII. *See* 42 U.S.C. sec. 2000e–16(c). Upon a final decision by the agency or the EEOC, de novo review in district court is available. *Id.*

Section 7702 of U.S.C. Title 5 is the statute that seeks to coordinate these two tracks. It authorizes the bringing of mixed case appeals before the MSPB and provides the administrative procedure for such

some claims that are normally not within that jurisdiction, such as sex discrimination. *See* 29 C.F.R. sec. 1613.402(b).

claims. Subsection (e) also sets forth the circumstances under which a federal claimant potentially eligible to pursue a both an MSPB appeal and a Title VII claim may obtain judicial review.

Federal regulations applying section 7702 provide that a claimant may pursue the MSPB track or the Title VII track, "but not both." 29 C.F.R. sec. 1613.403. Whichever claim is filed first "shall be considered an election to proceed in that forum." *Id.* The regulations further provide that if an agency hearing a discrimination claim learns that the claim contains "issues that form the basis of an appeal which has been filed [previously] with the MSPB," the agency shall "cancel" the pending complaint.

The Treasury Department applied these regulations to cancel Kornman's discrimination complaint. Although Kornman had withdrawn her MSPB action four months earlier and had informed the Treasury Department EEO of this fact, the EEO nevertheless concluded that the "election of forum" regulations precluded agency review. By the time the Treasury Department took this action, it was apparently too late for Kornman to seek judicial review of the MSPB's decision to dismiss her appeal with prejudice.

Defendants argue that Kornman's failure to follow proper procedures prevented administrative review on the merits and therefore constitutes a failure to exhaust administrative remedies. Since there was no administrative review on the merits, defendants contend, such review by the courts is also unavailable. Some cases support such a rule. *See, e.g., Johnson v. Bergland,* 614 F.2d 415 (5th Cir.1980) ("if the agency does not reach the merits of the complaint because the complainant fails to comply with administrative procedures the Court should not reach the merits either").

In this Court's view, such an approach is inappropriate here for two reasons. First, the decision to cancel Kornman's complaint four months after she withdrew her MSPB action, and before she had a hearing on the merits, is a questionable application of the "election of forum" regulations. Those

regulations appear to be designed to prevent simultaneous processing of discrimination claims before the MSPB and the employer agency. It hardly seems likely that the regulations were intended to preclude a claim at a point in the process when the claimant has never been heard on the merits and the time for such a hearing has passed.

Second, even if the regulations were properly applied at the administrative level, the governing statute precludes their application as a bar to judicial review. Section 7702, which the regulations purport to implement, provides that "[n]othing in this section be construed to affect the right to trial de novo" under Title VII. *See* 5 U.S. C. sec. 7702(e)(3). Since Title VII clearly contemplates de novo judicial review on the merits, this Court would not be acting consistently with the clear mandate of section 7702(e)(3) if it were to interpret the election of forum regulations as precluding such review here. Thus, while the agency may or may not have properly decided not to hear Kornman's claim, that decision cannot prevent this Court from doing so.

This conclusion is reinforced by the oft-repeated principle that administrative procedures under Title VII, which can be quite byzantine (as this case attests), should not be applied in such a manner that they become traps for the unwary.

The Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination.... The broad structure and purpose of Title VII, as established by Congress, relies upon laymen, operating without legal assistance, to initiate both administrative complaints and lawsuits. Congress did not intend that such laymen, not schooled in the finer points of legal procedure, be presumed to know exactly what procedural step they must next take in order to perfect their claims, especially when they have been conclusively told that they have no further rights or remedies.

*Mahroom v. Hook,* 563 F.2d 1369 (9th Cir. 1977).

▮ To deprive Kornman of her day in court under the present circumstances

would be the grossest breach of this principle. She plainly made a good faith effort to comply with administrative procedures, abandoning her MSPB claim only when she discovered that she could not proceed in both forums. Quite reasonably, she concluded that the EEO track was the more appropriate vehicle for her claim. Such good faith effort is something this Court should consider in determining whether a party has exhausted administrative remedies. *See Wade v. Secretary of the Army,* 796 F.2d 1369, 1376 (11th Cir.1986). In light of this effort and the matters discussed above, this Court concludes that, for purposes of obtaining judicial review on the merits, Kornman fully exhausted her administrative remedies.

### CONCLUSION

Defendants' argument amounts to a contention that Kornman's failure to negotiate perfectly the labyrinth of federal administrative procedures, though very reasonable, deprives her of any opportunity to have her claim heard. This is inconsistent with both the general principle stated in *Mahroom* and the specific dictate of section 7702(e)(3). Accordingly, the Court determines that Kornman satisfied the exhaustion requirement and is entitled to de novo review on the merits. The motion to dismiss is therefore denied.

IT IS SO ORDERED.