Karen M. BAUNCHAND

v.

Marvin T. RUNYON, Sr., Postmaster
General, United States Postal
Service.

Civ. A. No. 93–446–B.

United States District Court,
M.D. Louisiana.

March 7, 1994.

Brenda W. Waltzer, Metairie, LA, for
plaintiff.

John Joseph Gaupp, Dept. of Justice, Office of the U.S. Atty., Baton Rouge, LA, for
defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on the
defendant's motion for summary judgment.
For the reasons which follow, the defendant's
motion is granted.

### FACTS

The plaintiff, Karen M. Baunchand
("Baunchand"), was employed by the United
States Postal Service until October 26, 1990,
when she was terminated for falsifying a
disability claim. After her dismissal, Baunchand filed an informal Equal Employment
Opportunity (EEO) Complaint on October 29,
1990, in which she claimed that she was
discriminated against on the basis of a physical handicap. Baunchand filed a second informal complaint on December 28, 1990, in
which she alleged that she was discriminated
against on the bases of reprisal, physical
handicap, race and sex.

Prior to filing her second informal complaint, Baunchand also filed a formal EEO
complaint on December 26, 1990. However,
this complaint was rejected as premature by
letter dated January 25, 1991.[1]

Because Baunchand's informal complaint
of October 29, 1990, was not resolved, she
was given a final interview on February 5,
1991. The notice of final interview, which
both the plaintiff and her representative
signed, informed the plaintiff that she had
fifteen (15) days to file a formal EEO complaint. The plaintiff failed to do so.

---

1. The letter cited 29 C.F.R. § 1613.214(a)(1)(ii),
which requires that the complainant or representative submit a written complaint to an appropriate official within fifteen (15) calendar days after
the date of receipt of the notice of the right to file
a complaint (Notice of Final Interview), and noted that Baunchand had not been given such a
notice.

The defendant contends that summary judgment is proper because the plaintiff failed to exhaust her administrative remedies by not filing a formal complaint with the EEOC office within fifteen days of her final interview and that exhaustion is an absolute prerequisite to instituting a civil action in this court. In her response to defendant's motion for summary judgment the plaintiff contends that she has stated a proper claim under Title VII and, in the alternative, that her claim is proper under regulations relating to the negotiated grievance procedure.

## LAW AND ANALYSIS

■ It is well established that 42 U.S.C. § 2000e–16[2] provides the exclusive remedy for claims of job discrimination by a federal employee.[3] Congress did not establish statutory provisions regarding the time limits an aggrieved employee has to file a formal administrative complaint with her employing agency. However, the Equal Employment Opportunity Commission (EEOC), in accordance with its power to issue those regulations needed to implement the statute, did adopt and promulgate regulations addressing this subject which are set forth in 29 C.F.R. § 1613.214.

Compliance with the notification time limits promulgated by the EEOC are a prerequisite to filing a civil suit.[4] However, lack of timely notification of a complaint of discrimination is not a subject matter jurisdiction defect.[5] Rather, the failure to fulfill the timeliness requirements established by the EEOC is tantamount to not stating a proper judicial claim under 42 U.S.C. § 2000e–16.[6] Although the plaintiff timely filed her infor-

mal complaint,[7] she failed to file a formal written complaint in accordance with the time limits promulgated in 29 C.F.R. § 1613.-214(a)(1)(ii). This regulation requires that the aggrieved employee submit a "written complaint to an appropriate official within 15 calendar days after the date of receipt of the notice of the right to file a complaint." Because Baunchand did not submit a formal complaint within 15 days after her final interview, she failed to exhaust her administrative remedies. Therefore, her complaint must be dismissed by this Court.[8]

The plaintiff's argument that her formal complaint filed on December 26, 1990, was not premature is without merit. Plaintiff misconstrues the meaning of 29 C.F.R. § 1613.213 when she argues that the section does not require that the final interview be conducted "not later than 21 days" after the informal request is filed. The rule clearly states that

[t]he Equal Employment Opportunity Counselor shall, *insofar as is practicable,* conduct the final interview with the aggrieved person not later than 21 calendar days after the date on which the matter was called to the counselor's attention by the aggrieved person. If, within 21 days, the matter has not been resolved to the satisfaction of the aggrieved person, that person shall be immediately informed in writing, *at the time of the final interview,* of his or her right to file a complaint of discrimination.[9]

Consequently, the plaintiff's formal complaint was premature because the regulations do not mandate that a final interview be conducted within 21 days.[10]

---

**2.** 42 U.S.C.A. § 2000e–16 (West 1981 & Supp. 1993).

**3.** *Brown v. General Servs. Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976).

**4.** *Henderson v. United States Veterans Admin.,* 790 F.2d 436, 440 (5th Cir.1986).

**5.** *Henderson,* 790 F.2d at 440; *Oaxaca v. Roscoe,* 641 F.2d 386, 388 (5th Cir.1981).

**6.** *Lopez v. Louisiana Nat'l Guard,* 733 F.Supp. 1059, 1068 (E.D.La.1990), *aff'd,* 917 F.2d 561 (5th Cir.1990). The time limits function more like a prescriptive period than a jurisdictional

bar because the limits are subject to waiver, estoppel, and equitable tolling. *Henderson,* 790 F.2d at 440.

**7.** 29 C.F.R. § 1613.214(a)(1)(i) (1993).

**8.** See *Quillen v. U.S. Postal Service,* 564 F.Supp. 314 (E.D.Mich.1983).

**9.** 29 C.F.R. § 1613.213(a) (1993) (emphasis added).

**10.** Even if the Court assumes the plaintiff correctly argues that the formal interview must be conducted not later than 21 days after the infor-

■ The plaintiff also contends that her claim is proper because "she elected to utilize the negotiated grievance procedure and the Defendant erred in failing to notify [her] that she had the right to have the arbitrator's decision and all claims reviewed by EEOC." Contrary to the plaintiff's contention, 29 C.F.R. § 1613.219(a) grants employees of agencies that are subject to the provisions of 5 U.S.C. 7121(d) and who are covered by a collective bargaining agreement the right to raise allegations of discrimination through the negotiated grievance procedure. Employees in agencies that are *not* subject to 5 U.S.C. § 7121(d) must process their complaints of discrimination according to 29 C.F.R. § 1613.214 et seq. Because the United States Postal Office is not an "agency" subject to the employment provisions of Title V of the United States Code,[11] plaintiff's contention is without merit.

## SUMMARY JUDGMENT

■ Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[12] If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[13] In opposing the granting of summary judgment, the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings, but by its own affidavits, depositions, answers to interrogatories, or admissions the non-moving party must set forth specific facts showing that there is a genuine issue for trial.[14] When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[15]

Where the non-moving party bears the burden of proof at trial, the moving party may discharge its burden by showing or pointing out to the court that there is an absence of evidence to support the non-moving party's case.[16] The moving party is not required to produce evidence to negate the non-moving party's claims.[17] The non-moving party must then come forward with evidence which establishes each element for which that party bears the burden of proof at trial. Otherwise, no genuine issue as to any material fact exists, since a complete failure of proof concerning one element of the non-moving party's case necessarily renders all other facts immaterial, and the moving party is entitled to summary judgment.[18]

mal request is filed, summary judgment would still be appropriate because, by the time the plaintiff filed her formal complaint on December 26, 1990, more than 36 days (21 days plus 15 days) had passed since November 5, 1990 (the date on which an EEO counselor was assigned to her case). Thus, under the plaintiff's interpretation of 29 C.F.R. § 1613.213(a), her complaint would be untimely rather than premature.

11. See 5 U.S.C.A. §§ 104, 105, 7101–35 (West 1977 & West 1980); 39 U.S.C.A. § 410(a) (West 1980). See also *Jeffries v. Frank,* 778 F.Supp. 981 (N.D.Ill1991).

12. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cormier v. Pennzoil,* 969 F.2d 1559 (5th Cir.1992), *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986).

13. *Cormier,* 969 F.2d at 1560.

14. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Reese v. Anderson,* 926 F.2d 494, 498 (5th Cir.1991); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990).

15. *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356; *Cormier,* 969 F.2d at 1560.

16. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554; *Lavespere,* 910 F.2d at 178; *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.,* 868 F.2d 740, 747 (5th Cir.1989); *Slaughter v. Allstate Ins. Co.,* 803 F.2d 857, 860 (5th Cir.1986).

17. *Latimer v. Smithkline & French Laboratories, Div. of Smithkline Beckman Corp.,* 919 F.2d 301, 303 (5th Cir.1990); *Lavespere,* 910 F.2d at 178; *Teply v. Mobil Oil Corp.,* 859 F.2d 375, 379 (5th Cir.1988).

18. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552; *Dunn v. State Farm Fire & Cas. Co.,* 927 F.2d 869, 872 (5th Cir.1991).

## CONCLUSION

The plaintiff has failed to produce evidence of the existence of a genuine issue for trial. The defendant is entitled to summary judgment as a matter of fact and law.

Therefore:

**IT IS ORDERED** that the defendant's motion for summary judgment be and it is hereby **GRANTED.**

Judgment shall be entered dismissing plaintiff's suit with prejudice.