Patricia D. BAKER, Plaintiff,

v.

Marvin RUNYON, Postmaster General, Defendant.

No. 5:95–CV–822–BO(1).

United States District Court,
E.D. North Carolina,
Western Division.

March 11, 1996.

---

Patricia Baker, Raleigh, NC, pro se.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the undersigned on defendant's motion to dismiss for failure to exhaust administrative remedies. The motion is GRANTED.

Plaintiff brings her complaint against the government alleging discrimination based on physical handicap and retaliation for prior EEO activity. In response defendant argues that plaintiff failed to exhaust her administrative remedies.

 Compliance with administrative complaint-resolution procedures is a mandatory prerequisite to filing an employment discrimination suit in district court.[1] *Young v. National Ctr. for Health Servs. Research,* 828 F.2d 235, 237 (4th Cir.1987); *Zografov v. V.A. Medical Ctr.,* 779 F.2d 967, 970 (4th Cir.1985). Pursuant to the applicable regulations, a complainant must file an informal complaint of discrimination with an agency's EEO counselor within 45 days of the date of the alleged discrimination. 29 C.F.R. § 1614.105. At the end of the pre-complaint counseling, the EEO counselor conducts a final interview at which the complainant is informed of her "right to file a discrimination complaint ... within fifteen days of receipt of the notice." *Id.* § 1614.105(d). Untimely complaints are dismissed by the agency. *Id.* § 1614.107(b).

In the instant case, the record demonstrates that plaintiff's final interview was held on April 18, 1995. At the interview plaintiff was provided with a "Notice of Right to File Individual Complaint," a document which explains the procedures for filing a complaint including the 15 day filing period. Despite this notice, plaintiff filed her administrative complaint on May 9, 1995, five days after the 15 day filing period had expired.

 Plaintiff argues that she was unable to file a complaint in a timely manner because she was hospitalized from April 29, 1995 through May 8, 1995. Although administrative deadlines governing federal sector EEO complaints are subject to equitable tolling, plaintiff must prove affirmative misconduct by her employer that was intended to deceive or mislead her into missing the deadline. *Weick v. O'Keefe,* 26 F.3d 467, 470 (4th Cir.1994); *Nealon v. Stone,* 958 F.2d 584, 589 (4th Cir.1992). Here, no evidence or allegations of deception exist. Furthermore, plaintiff was not hospitalized during the entire filing period or suffering from a condition that would have prevented her from arranging for the filing of a complaint. Thus, plaintiff is not entitled to an equitable tolling of the filing deadline.

Accordingly, the motion is GRANTED and plaintiff's claims are DISMISSED.

---

1. Although a plaintiff need not exhaust his administrative remedies for retaliation that grows out of an earlier EEOC charge, *Nealon v. Stone,* 958 F.2d 584, 590 (4th Cir.1992), a plaintiff must exhaust his administrative remedies when the alleged retaliation could have been raised in the original complaint, *Riley v. Technical and Management Servs. Corp., Inc.,* 872 F.Supp. 1454, 1460 (D.Md.1995). The alleged retaliation in the instant matter, issuance of a Letter of Removal, occurred prior to the filing of plaintiff's original EEOC complaint and was, in fact, included as a basis for a claim in the EEOC complaint.