**Sharon L. BLOUNT, Plaintiff,**

v.

**Donna E. SHALALA, Secretary, Department of Health and Human Services, Defendant.**

**No. Civ. PJM 98–874.**

United States District Court,
D. Maryland.

Jan. 26, 1999.

Karl W. Carter, Jr., Washington, DC, for Plaintiff.

Claire M. Whitaker, Washington, DC, for Defendant.

*OPINION*

MESSITTE, District Judge.

### I.

Sharon L. Blount sues Donna Shalala, Secretary of the U.S. Department of Health and Human Services, alleging racial discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended. Shalala has moved to dismiss based on Blount's failure to exhaust administrative remedies. Having considered the pleadings, the Court will GRANT the Motion to Dismiss.

### II.

Blount is an African American employed by the U.S. Department of Health and Human Services ("HHS"). In May 1994, she was hired as a Consumer Safety Officer. Although the position was advertised at a GS–11 level, Blount was hired at a GS–9 level on a six-month probationary basis. According to Blount, it was her understanding that she would be promoted to a GS–11 level if her performance was deemed satisfactory at the end of the probationary period. However, after receiving a satisfactory performance evaluation at the end of the probationary period, Blount applied for a GS–11 rating and it was denied.

In 1995, Blount was detailed to the position of GS–0401 Biologist Reviewer. Although the detail was to last 90 days, Blount stayed in the position for 180 days. When she subsequently applied for the position on a permanent basis, she was offered it at a GS–9 level despite the fact, Blount says, that she had been rated by the Office of Personnel as a GS–11.

On January 16, 1996, Blount contacted HHS's EEO Counselor to complain that both her initial hiring at a GS–9 level and her failure to be hired for the Biologist Reviewer position at a GS–11 level constituted employment discrimination. On April 8, 1996, Blount had her final interview with the EEO counselor and was notified in writing of her right to file an administrative complaint with-

in 15 calendar days thereafter, i.e. by April 23, 1996. On April 24, 1996—*16* calendar days later—Blount filed her complaint. Although HHS commenced to investigate the complaint, in the course of the proceeding it filed a motion with the EEOC seeking dismissal of the complaint for lack of timely filing. The Administrative Law Judge, agreeing with HHS, dismissed the complaint. Blount subsequently filed suit in the U.S. District Court for the District of Columbia, which transferred the case to this Court.

### III.

A federal employee must exhaust all available administrative remedies before bringing an employment discrimination complaint to federal court pursuant to Title VII. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.408; *Brown v. General Serv. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Zografov v. Veterans Admin, Med. Ctr.*, 779 F.2d 967, 968–69 (4th Cir.1985). First, the employee must bring her grievance to the attention of the agency's Equal Employment Opportunity Counselor within 45 days of the alleged act of discrimination. *See* 29 C.F.R. § 1614.105(a). Thereafter, one or more interviews with the EEOC takes place. Within 15 calendar days following the final interview and receipt of written notice to this effect, the employee must file a formal administrative complaint with the EEO Counselor. *See* 29 C.F.R. § 1614.106(a) & (b).

Here it is undisputed that Blount filed her administrative complaint on April 24, 1996, one day beyond the 15–day deadline for filing. What effect, if any, does this have on her case?

■ The Fourth Circuit has held that a federal employee's failure to consult with an EEO counselor within the required time after an alleged act of discrimination, i.e. within 45 days, is grounds for dismissing the employee's Title VII claim in federal court. *Zografov v. Veterans Admin. Med. Ctr.*, 779 F.2d 967, 970 (4th Cir.1985). A number of other courts have held that an employee's failure to timely file an administrative complaint within 15 days after the final interview constitutes grounds for dismissal. *Miller v. Runyon*, 32 F.3d 386, 389–90 (8th Cir.1994);

*Baker v. Runyon*, 951 F.Supp. 90, 91 (E.D.N.C.1996); *Baunchand v. Runyon*, 847 F.Supp. 449, 450 (M.D.La.1994) ("Because [plaintiff] did not submit a formal complaint within 15 days after her final interview, she failed to exhaust her administrative remedies. Therefore her complaint must be dismissed."); *Tillett v. Carlin*, 637 F.Supp. 251 (D.Conn.1986); *Quillen v. U.S. Postal Serv.*, 564 F.Supp. 314 (E.D.Mich.1983). This Court is constrained to find that the Fourth Circuit would follow the lead of these courts with regard to the untimeliness of a post-interview administrative filing. Accordingly, the Court finds that Blount has failed to exhaust her administrative remedies.

■ Blount argues, however, that by accepting her untimely complaint for investigation, HHS waived its right to object to her failure to meet the 15–day deadline. Such is not the law. It is well settled that a federal agency does not waive its right to object to untimely filings merely by accepting a complaint for investigation. *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir.1992); *Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir.1985); *Dailey v. Carlin*, 654 F.Supp. 146 (E.D.Mo.1987). Blount's waiver argument, therefore, is without merit.

■ Blount also argues that HHS should be equitably estopped from asserting the untimeliness defense because she was engaged in settlement talks with HHS. While it is true that the deadline provisions of Title VII are subject to equitable estoppel, *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), before the doctrine will be applied, a Title VII plaintiff must prove that the defendant engaged in affirmative misconduct intended to mislead or deceive her into missing the deadline. *Nealon v. Stone*, 958 F.2d 584, 589 (4th Cir. 1992); *Zografov v. Veterans Admin. Medical Ctr.*, 779 F.2d at 968–969. In the present case, Blount argues only that she failed to file a timely complaint because she "believed" she would be able to settle the grievance without having to file a formal complaint. She says that on April 23, 1996—the last day for her to file a timely complaint—she met with HHS's EEO Director, who informed her

that HHS needed three more days to set up a meeting with her supervisors to discuss possible settlement of the case. Thus Blount did not file her complaint on April 23rd but waited until the next day when she became aware that her case would not settle.

 Nothing in the record, however, suggests that HHS "acted in bad faith or deceitfully lured the plaintiff into settlement discussions, or that it attempted in any way to cause the plaintiff to miss the appropriate filing date." *Pfister v. Allied Corp.*, 539 F.Supp. 224, 227 (S.D.N.Y.1982). Settlement discussions alone do not constitute affirmative misconduct intended to lull a claimant into inaction; there must be evidence of an affirmative promise to settle or evidence of efforts on the part of the agency to prevent the claimant from filing her complaint. *Foutty v. Equifax Services, Inc.*, 762 F.Supp. 295 (D.Kan.1991); *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45 (2d Cir.1985); *Kelley v. National Labor Relations Bd.*, 79 F.3d 1238 (1st Cir.1996). Blount cites no such evidence in this case. She provides no explanation as to why she could not have timely filed her complaint at the same time she was pursuing settlement discussions. *Pfister*, 539 F.Supp. at 227. *See also Wagner v. Sperry Univac*, 458 F.Supp. 505, 516 (E.D.Pa.1978), aff'd, 624 F.2d 1092 (3rd Cir.1980) ("(a) litigant may not . . . avoid the statute of limitations simply because the decision it forces him to make—whether to pursue legal remedies before all avenues of informal settlement are exhausted—is a difficult one"). The Court finds the doctrine equitable estoppel inapplicable in this case.

### IV.

For the foregoing reasons, Shalala's Motion to Dismiss will be GRANTED.

A separate ORDER implementing the decision will be entered.

### ORDER

Upon consideration of Defendant's Motion to Dismiss and Plaintiff's Opposition thereto, it is, for the reasons set forth in the accompanying opinion this 26th day of January, 1999

ORDERED that Defendant's Motion to Dismiss is hereby GRANTED; and it is further

ORDERED that the Complaint is hereby DISMISSED; and it is further

ORDERED that the Clerk shall CLOSE this case.