Gladys C. COOLEY, Plaintiff,

v.

**Porter J. GOSS, Director of Central Intelligence, et al., Defendants.**

No. 1:04–CV–01052–LMB.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 15, 2005.

Gladys C. Cooley, Annandale, VA, Pro se.

Kevin J. Mikolashek, United States Attorney's Office, Alexandria, VA, for Defendants.

## MEMORANDUM OPINION

BRINKEMA, District Judge.

 Before the Court is one remaining issue in defendant's Motion to Dismiss the *pro se* plaintiff's six-count Complaint, which essentially alleges discrimination under Title VII, 42 U.S.C. § 2000e, on the basis of race, gender and national origin, and a failure by the CIA to comply with the Freedom of Information Act("FOIA").[1]

---

1. The six-count Complaint also alleges (1) violations of the First and Fourth Amendments for disparate treatment based on race, age, sex, national origin and naturalized citizen status, (2) the deprivation of rights under the Fifth Amendment and 42 U.S.C. §§ 1985 and 1986, (3) age discrimination, (4) defamation *per se* and (5) intentional infliction of emotional distress. After oral argument on defendant's Motion to Dismiss, the Court dismissed all but the Title VII counts, finding that the other counts listed above were pled under

In her Complaint, plaintiff seeks lost wages, savings, pension funds and job opportunities between 2001 and 2003, the period during which she was attempting to become employed by the CIA; lost earnings from missed grade and step increases; damage to her good name and professional reputation; and pain and suffering due to anxiety, humiliation and embarrassment. The Complaint seeks compensatory damages of $300,000, punitive damages of $250,000 and attorneys' fees.[2]

Plaintiff, is a 50–year old, black female of Hispanic heritage and a naturalized United States citizen, who twice received conditional offers of employment for human resources positions with the CIA. The CIA eventually rescinded both offers because of information that arose during investigations into plaintiff's suitability and background. Defendant is Porter Goss, Director of the CIA, whom plaintiff has sued in his official capacity,[3] and who has filed his Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). In the portion of defendant's Motion to Dismiss that is addressed in this Opinion, defendant contends that plaintiff failed to exhaust her administrative remedies under Title VII. Plaintiff has submitted not only an Opposition but also a brief in response to defendant's Reply, termed "Plaintiff's Opposition to Defendants' Second Motion to Dismiss." Although this last filing is not properly before the Court, because plaintiff is *pro se,* the Court did read and fully consider it. On January 7, 2005, the Court heard oral argument on defendant's Motion to Dismiss and issued an Order dismissing all but plaintiff's Title VII discrimination claims. The Court took those claims under advisement and ordered plaintiff to provide supplemental documentation regarding whether she is entitled to a waiver of the deadline for contacting an EEO counselor.

### I. Factual Background [4]

At the heart of this civil action is plaintiff's three-year attempt to gain employment with the CIA as a human resources professional, a position she felt would build on her extensive experience as a personnel manager, human resources and office administrator, and recruitment coordinator at three area law firms, two of which were large, prominent firms. Plaintiff first received a conditional offer from the CIA for employment as a G–14 human resources officer on March 20, 2000. In, or around, March 2001,[5] the CIA revoked the offer

---

inapplicable statutes or constitutional provisions and essentially comprised employment discrimination claims for which plaintiff may seek relief only under Title VII. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The Court dismissed the FOIA count because plaintiff failed to exhaust her administrative remedies by not appealing the CIA's responses to her FOIA request upon either of two opportunities she was given to do so.

**2.** The Complaint first requests the appointment of counsel and, in the alternative, attorneys' fees. However, barring extremely exceptional circumstances, which do not apply here, plaintiff is not entitled to appointed counsel or attorneys' fees. *See Bond v. Blum,* 317 F.3d 385, 398–99 (4th Cir.2003).

**3.** Plaintiff also sued numerous other CIA employees, in both their official and individual capacities, whom she concedes were not properly served. However, because Director Goss is the only proper defendant with regard to the claims properly before this Court, the adequacy of service on the other defendants is irrelevant. *See Lissau v. S. Food Serv., Inc.,* 159 F.3d 177, 180–81 (4th Cir.1998).

**4.** The facts set forth below are derived from the Complaint and its attachments.

**5.** The Complaint and supporting documents do not clearly establish when this first offer was rescinded. The March date is stated in plaintiff's attorney's affidavit and defendant's Motion. Because the Complaint does not directly involve this first conditional offer, the

based on information gathered during its investigation into plaintiff's suitability and background. Plaintiff appealed this decision. In response, the CIA reversed the decision on January 30, 2003,[6] and extended plaintiff another conditional offer of employment on February 26, 2003. However, on June 3, 2003, the CIA informed plaintiff by letter that she had again been found "unsuitable" for employment "based on information that [she] provided or was otherwise revealed during [her] processing."[7] The Complaint before this Court stems from this second rejection.

After the CIA rescinded the second conditional offer, plaintiff initiated the FOIA process on June 10, 2003, by requesting a copy of her investigative file. On July 3, 2003, the Office of Security informed her that she had misdirected her letter and provided her with the proper address, where she sent her request on July 7, 2003. On July 25, 2003, plaintiff received notice that the CIA had accepted her request but could not process it within the requisite 20 days because of a backlog. As a result, the letter informed her that she had a right to treat the promised delay as a denial, which she could appeal to the Agency Release Panel, or she could wait for the records and appeal any alleged deficiency after receiving the CIA's substantive response to her FOIA request. Plaintiff did not appeal the effective denial. On June 2, 2004, the CIA released a set of

documents to plaintiff and specified in an accompanying letter the statutes under which it had withheld others. The letter also advised plaintiff of her right to appeal the withholding of those documents to the Agency Release Panel within 45 days, but plaintiff again did not do so. This failure to exhaust administrative remedies is the basis for the Court's previous dismissal of plaintiff's FOIA claims.

Regarding the discrimination claims, plaintiff first notified the CIA of her intent to file a complaint with the EEO on December 14, 2003, 194 days after the CIA informed her that she was unsuitable for employment. The Office of Security, which plaintiff had approached regarding where to direct correspondence concerning her discrimination complaint, referred plaintiff to an EEO counselor, whom plaintiff's attorney, Francis X. Lillis, contacted on January 21, 2004. After speaking with Lillis, the EEO counselor sent plaintiff forms that she was required to complete within 15 days to initiate her complaint. After first not receiving any response from plaintiff and then receiving a letter, rather than the completed forms, the EEO agreed to extend the 15–day deadline for plaintiff to submit her paperwork, which she did on March 15, 2004. On April 20, 2004, having reviewed plaintiff's allegations of gender, race, and national origin discrimination,[8] the EEO sent plaintiff no-

exact date of its rescission is not relevant to the resolution of the issues before the Court.

**6.** Plaintiff successfully argued on appeal that the decision to rescind the offer was based on erroneous information.

**7.** Plaintiff makes much of a statement in the letter that the decision was not based on security concerns and that she could represent to others that she had not failed a security clearance. She later complains repeatedly that she was wrongfully not made aware of a CIA policy that candidates for the positions

for which she was being considered are disqualified for having foreign national relatives, which she does. However, because the only issue before the Court is whether plaintiff failed to exhaust her administrative remedies, this Opinion will not address the merits of plaintiff's EEO complaint. *See Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir.1997).

**8.** Plaintiff was not allowed to file a claim of reprisal because she did not file a complaint with the EEO after her first rejection, so there were no EEO proceedings for which the CIA could have been retaliating.

tice of her right to file a formal discrimination complaint. Plaintiff's attorney filed the formal complaint on April 30, 2004. On June 17, 2004, the EEO dismissed plaintiff's formal complaint as untimely because plaintiff had not contacted an EEO counselor within 45 days of the action she alleged to be discriminatory. Plaintiff filed the instant action within 90 days of receiving that adverse decision, in accordance with the appeal rights provided to her by the EEO.

The issue before the Court is whether the EEO erred in dismissing plaintiff's admittedly untimely complaint on the ground that she did not contact an EEO counselor within 45 days of the allegedly discriminatory actions. At oral argument, plaintiff maintained that the EEO had granted her a waiver of this deadline and allowed her to file her claim out of time. To give plaintiff a full opportunity to support her waiver claim, the Court ordered plaintiff to provide an affidavit from the attorney who handled her EEO complaint regarding his communications with the EEO and any alleged promise by the EEO staff to waive the 45–day requirement. On January 31, 2005, Lillis filed his affidavit. On February 14, 2005, defendant filed a Supplemental Memorandum in Support of Defendant's Motion to Dismiss, which included the affidavit of Julie L. Lund, Counselor/Investigator for the EEO, and on February 17, 2005, plaintiff filed a Response to Defendant's Supplemental Memorandum in Support to [sic] Motion to Dismiss.

## II. *Discussion*

 The EEO must dismiss a Title VII complaint as untimely if the complainant did not adhere to strict filing deadlines, unless the complainant can demonstrate that she should benefit from a waiver, estoppel or equitable tolling. 29

C.F.R. § 1614.604(c); *see, e.g., Zografov v. V.A. Med. Center,* 779 F.2d 967, 969–70 (4th Cir.1985). Under the regulations that apply to discrimination actions against a federal employer, the complainant must first initiate contact with an EEO counselor within 45 days of the allegedly discriminatory action. 29 C.F.R. § 1614.105(a). Next, if given written permission after one or more interviews with a counselor, the complainant must file the paperwork required to initiate a formal complaint within 15 calendar days. 29 C.F.R. § 1614.106(a),(b); *see Blount v. Shalala,* 32 F.Supp.2d 339, 341 (D.Md.1999). The Fourth Circuit has noted that the regulations regarding Title VII discrimination complaints put an onus on employers to make employees aware of the 45–day deadline and require the EEO to waive the deadline if an employee can demonstrate that she had neither actual nor constructive notice of the time limit. 29 C.F.R. §§ 1614.102(b)(6), 105(a)(2); *see Jakubiak v. Perry,* 101 F.3d 23, 26–28 (4th Cir.1996) *Nealon v. Stone,* 958 F.2d 584, 589–90 (4th Cir.1992). Regarding the mandatory waiver, the regulation reads in relevant part:

> The agency or the Commission shall extend the 45–day time limit ... when the individual shows that he or she was not notified of the time limits and was otherwise not aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or Commission. § 1614.105(a)(2).

However, the burden of proving a lack of such notice lies with the complainant. *Id.;* *see also Nealon,* 958 F.2d at 589–90.

■ For the reasons set forth below, despite the regulation's mandatory language, the Court finds that plaintiff has not met her burden of proving lack of notice and accordingly is not entitled to a waiver of the 45-day deadline.[9]

## A. *Standard of Review*

■ A plaintiff appealing a final decision of an agency or the Equal Employment Opportunity Commission is entitled to a *de novo* review of that decision in district court.[10] 42 U.S.C. § 2000e–16(c); *Kornman v. Baker*, 686 F.Supp. 812, 813 (N.D.Cal.1988). Because the EEO dismissed plaintiff's complaint on procedural grounds and did not rule on the merits of her claims, the only issue before this Court is whether the EEO's dismissal of plaintiff's complaint as untimely was proper or whether the EEO should have granted her a waiver of the 45-day deadline. *See Barnes*, 118 F.3d at 408.

## B. *Evidence Before the EEO*

■■ Although in the Complaint and at oral argument plaintiff suggested that her attorney had requested and been granted by the EEO a waiver that would allow her untimely complaint to be considered on the merits, the affidavits of Lillis and Lund demonstrate that no such request or promise was made. In his affidavit, Lillis explains that he contacted the EEO sometime after his first consultation with plaintiff on December 8, 2003, after which the EEO sent plaintiff a letter instructing her to call the office. Instead, Lillis himself called the EEO on plaintiff's behalf and spoke with Lund, who then sent EEO forms to plaintiff. However, Lillis acknowledges that "[a]t no time did I ask that the 45 day time period be extended," and he also does not suggest that Lund offered such an extension. (Lillis Aff. at 2.) Consistent with this representation, Lund states in her affidavit that the EEO offered to extend only the 15-day deadline for plaintiff to return the paperwork necessary to initiate a complaint, after plaintiff first sent the EEO a letter in lieu of completing the forms as required. (Lund Aff. ¶ 3, 4.) Lund also confirms that Lillis did not request a waiver of the 45-day deadline for contacting a counselor and that she did not grant such a waiver. *Id.* at ¶ 5. To the extent that plaintiff asserts that by allowing her additional time to file her paperwork, the EEO waived its right to deny her claim for untimely counselor contact, "it is well settled that a federal agency does not waive its right to object to untimely filings merely by accepting a complaint for investigation." *Blount*, 32 F.Supp.2d at 341.

Lillis's attempt to explain why plaintiff should have been entitled to a waiver of the 45-day deadline despite not having

9. Missing among the many exhibits attached to the Complaint filed in this Court is a copy of the complaint plaintiff filed with the EEO. The only records before the Court from plaintiff's proceedings before that body are the "Request to Begin Precomplaint Counseling" and the final decision dismissing her complaint as untimely, neither of which suggests that plaintiff provided any explanation for her delay in contacting the counselor or filing the complaint. The affidavit of plaintiff's attorney also suggests that plaintiff's EEO complaint did not contain a request or justification for a waiver. However, in undertaking a *de novo* review of the *pro se* plaintiff's claims, the Court has considered the justifications that she appears to have advanced for the first time before this Court.

10. Title VII's procedural requirements promote the resolution of as many claims as possible at the agency level. As such, the administrative exhaustion requirement allows for judicial review of only final agency decisions. 42 U.S.C. § 2000e–16(c); *see, e.g., Frank v. England*, 313 F.Supp.2d 532, 536 (D.Md.2004).

sought one from the EEO is unavailing. He explains that he did not request such a waiver because the applicable regulation states that the agency "shall" extend the deadline when a complainant "shows that he or she was not notified of the time limits and was not otherwise aware of them," an exception that plaintiff claims should apply in her case.[11] *See* 29 C.F.R. § 1614.105(a)(2). However, even though the regulation upon which plaintiff's former counsel relies is mandatory, not discretionary, the complainant still bears the burden of proving that she was not notified or otherwise aware of the 45–day deadline. *See id.; Nealon*, 958 F.2d at 589–90. In this case, plaintiff has not presented any evidence either that she attempted to explain in her EEO complaint why she waited more than six months after the allegedly discriminatory action before contacting the EEO counselor or that she requested a waiver of the 45–day deadline. Accordingly, this Court finds that based on the record before it, the EEO properly dismissed plaintiff's complaint as untimely and did not err in not granting her a waiver of the 45–day deadline.

### C. *New Arguments and Evidence Presented To This Court*

As noted above, the Court extended its review of whether plaintiff's circumstances warranted a waiver of the deadline to consider arguments that she appears to have advanced before this Court but not before the EEO. Primarily, plaintiff now argues

that she should benefit from a waiver of the 45–day requirement because the CIA never made her aware of the deadline. She also blames her delay in contacting an EEO counselor on the CIA's untimely processing of her FOIA request. Finally, plaintiff complains that the letter rescinding the second conditional offer stated that the decision was "not subject to appeal" and claims that she was deterred by that statement from filing a claim of discrimination.[12]

Defendant responds that these arguments are insufficient to justify the six-month gap between the rejection of plaintiff's second employment application and her initial contact with the EEO. Specifically, defendant contends that plaintiff had constructive knowledge of the deadline for contacting the EEO because of her earlier dealings with the complaint process, pointing to a quote in plaintiff's Opposition that appears to reference an EEO publication that also would have discussed the relevant deadlines. As such, defendant argues, plaintiff had constructive, if not actual, knowledge of the deadline, which is all that the regulation requires. Plaintiff responds in her supplemental filing that she recently read that EEO publication on the Internet and that she never received communications regarding the EEO process during her appeal of the first rejection because the decision was reversed through the CIA's internal appeals process.

---

11. Lillis relies on *MICHAUD v. POTTER*, No. 01A03448, 2002 WL 31153257 (E.E.O.C. Sept. 18, 2002), to support his argument that plaintiff, as a non-government employee, should be granted a waiver because the CIA did not inform her of the 45–day deadline. That case addresses a different factual scenario, which is especially important given the fact-based nature of the waiver analysis. Most notable, the plaintiff in *MICHAUD*, unlike the plaintiff before this Court, had at-

tempted to file a complaint 17 days after the allegedly discriminatory action and had merely misdirected the correspondence to the local Equal Employment Opportunity Commission, rather than submitting it to the agency's EEO. *See id.* at *2.

12. As discussed above, plaintiff also maintains that the EEO granted her an oral waiver of the deadline; however her attorney's affidavit belies this contention.

As noted above, the applicable regulation requires the EEO to grant a waiver when "the individual shows that he or she was not notified of the time limits *and was otherwise not aware of them.*" 29 C.F.R. § 1614.105(a)(2) (emphasis added). Defendant has not produced evidence that refutes plaintiff's contention that the CIA failed to provide her with actual notice of the 45–day deadline. However, on the basis of plaintiff's employment history and demonstrated knowledge of the channels through which she could assert her rights as an unsuccessful job applicant, the Court concludes that plaintiff possessed at least constructive notice of the procedure for filing a discrimination claim and therefore does not qualify for a waiver under the regulations.

First, in her Complaint in this action, plaintiff makes much of her long and successful history as a human resources professional. She describes herself as "a highly experienced human resources professional, with over 15 years [sic] experience in human resources management [who] possesses extensive HR education and training, and holds two Masters degrees, one in Human Resources Management from George Washington University." (Compl.¶ 4.) In keeping with this experience, the two conditional offers she received from the CIA were for Level G–14 human resources positions. The Court finds untenable the contention by a human resources professional who has worked in the personnel departments of two major law firms that she was not aware of the most basic requirements for filing a Title VII discrimination claim. Although plaintiff's direct experience was in the private sector, her graduate degree and knowledge of parallel private sector actions would have put her on notice that strict procedural requirements, including filing deadlines, would govern the filing of a discrimination complaint against a federal agency.

Second, although plaintiff's first appeal was resolved through internal CIA channels and thus did not require contact with an EEO counselor, her success in pursuing that appeal demonstrates to the Court that plaintiff was aware of and sufficiently savvy to pursue her rights as an unsuccessful job applicant. This successful appeal also undercuts plaintiff's argument that she was deterred from filing a complaint by the letter that stated that she could not appeal the decision to rescind her second offer. Plaintiff's discrimination complaint with the EEO was not an appeal of the decision itself but a separate action regarding alleged discrimination that sought remedies in addition to the reinstatement of the offer. At no time, either in the rejection letter or otherwise, did the CIA advise plaintiff or even imply that she could not file a Title VII complaint based on the process underlying the hiring decision. Moreover, having successfully appealed the CIA's decision to rescind its first conditional offer on the ground that her background investigation was flawed, plaintiff cannot now argue that she believed she was forbidden from raising allegations that the CIA rescinded her second conditional offer of employment on an improper basis.

Finally, plaintiff's contention that only upon receiving legal advice from Lillis in December 2003 did she consider filing a discrimination compliant is contradicted by evidence that on June 25, 2003, still within the 45–day period for contacting an EEO counselor, she contacted an attorney from one of the law firms at which she had worked requesting advice about how to seek redress for the CIA's alleged discrim-

ination against her.[13] Plaintiff's correspondence with this attorney confirms both her consideration of a possible discrimination complaint and access to significant resources regarding the proper means for addressing any allegedly discriminatory actions.[14]

■ Plaintiff also attempts to justify her request for a waiver on the basis of the second provision of the regulation, which mandates that the agency grant relief from the deadline when a complainant shows

> that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred [or] that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits. 29 C.F.R. § 1614.105(a)(2).

Along these lines, plaintiff argues that she was unable to file her complaint sooner because the CIA did not timely respond to her FOIA request. However, this argument is unavailing for two reasons. First, plaintiff did not appeal either the CIA's determination that it would be unable to fulfill her FOIA request on time or its subsequent production of only a portion of the documents she requested. Second, and more important, she informed the EEO of her intention to file a complaint on

December 14, 2003, more than six months before she received any documents as a result of her FOIA request, and she filed her formal complaint on April 30, 2004, still almost two months before the CIA released any documents to her. Clearly, then, her lengthy delay in contacting an EEO counselor was not caused by the withholding of information by the CIA, as she demonstrated well before receiving the documents her knowledge of the facts that she alleged in her EEO discrimination complaint.

For all of these reasons, the Court finds that plaintiff had at least constructive notice of the 45–day deadline for contacting an EEO counselor and has not demonstrated circumstances beyond her control that prevented her from meeting this requirement. As such, plaintiff has not carried her burden of proving that she should be granted a waiver of the deadline. Accordingly, even considering the additional arguments plaintiff has raised before this Court regarding her failure to initiate contact with an EEO counselor within 45 days of the allegedly discriminatory actions, the Court finds that plaintiff's discrimination claims must be dismissed because she failed to exhaust her administrative remedies.

13. The attorney, Elizabeth Rindskopf Parker, who was at that time Dean of the University of the Pacific Law School, is also a former partner at one of the firms for which plaintiff worked and former General Counsel for the CIA. In a two-page letter detailing her grievances, plaintiff suggested that she had been discriminated against by the CIA official who rescinded her offer, whom she claimed "appear[ed] to ... discriminate against single women with children." (Compl.Ex. F.) She sought from Parker "assistance with this retaliatory and discriminatory matter," (Compl.¶ 31) including suggestions on how to seek redress for the retraction of the second conditional employment offer, names of individuals to contact in that regard and even direct assistance from Parker. Parker responded on July 12, 2003, that she was about to leave on a trip and would contact plaintiff the next week. On July 17, 2003, Parker responded that she did not believe plaintiff was likely to succeed in challenging the CIA bureaucracy but also gave plaintiff the names of two well-connected attorneys whom she suggested might be able to help.

14. Also on June 25, 2003, plaintiff sent essentially the same letter to numerous Members of Congress, again requesting assistance addressing what she alleged to be a discriminatory hiring process.

## III. *Conclusion*

For the foregoing reasons, defendant's Motion to Dismiss will be GRANTED. An appropriate Order will issue.

The Clerk is directed to forward this Memorandum Opinion to counsel of record and the *pro se* plaintiff.